UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18CR279 AGF (NAB) |
| | ) | |
| BRID R. VAID and | ) | |
| DONNA A. WALDO, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on pretrial motions filed by Defendants Brid R. Vaid and Donna A. Waldo. Defendants are charged in a ten count superseding indictment. In Count One, Defendants are charged with one count of conspiracy to present false claims to Medicare and Medicaid in violation of 18 U.S.C. § 287. In Counts Two through Ten, Defendants are charged with making and presenting false claims to the United States in violation of 18 U.S.C. § 287. ECF No. 40. Pursuant to 28 U.S.C. ' 636(b), all pretrial motions were referred to United States Magistrate Judge Nannette A. Baker.

Defendants filed the following pretrial motions:[1]

(a) Motion to Suppress Evidence, filed by Defendant Waldo (ECF No. 58);

---

[1] Defendants also filed a discovery motion, that was considered at a later date, and will be addressed in a separate Order.

(b) Joint Motion to Strike Portions of the Superseding Indictment, filed by Defendants Vaid and Waldo (ECF No. 60);

(c) Joint Motion to Dismiss Counts Two Through Ten, filed by Defendants Vaid and Waldo (ECF No. 62);

(d) Joint Motion for Bill of Particulars, filed by Defendants Vaid and Waldo (ECF No. 68); and

(e) Joint Motion for Disclosure of Certain Testimony and/or Legal Instructions Provided to Two Grand Juries, filed by Defendants Vaid and Waldo (ECF No. 70).

**A.** **Defendant Waldo's Motion to Suppress Evidence** (ECF No. 58)

On June 17, 2015, law enforcement agents executed search warrants at two offices operated by Dr. Brid Vaid. One search was at Vaid's Tesson Ferry office. At the outset of the search, neither Defendant was present. The search warrant authorized the seizure of prescription pads from the premises. Defendant Waldo came to the office shortly after the search began. Defendant Waldo seeks to suppress certain prescription pads seized from her lab coat. She claims the search and seizure were beyond the scope of the warrant, as they were seized from her person, and the warrant authorized the search only of the premises, and not her person. The United States opposed the motion.

An evidentiary hearing was held on December 4, 2018, at which the United States presented the testimony of Drug Enforcement Administration (DEA) Agent Marissa Lee. On March 29, 2019, Magistrate Judge Baker issued a Report and Recommendation (ECF No. 109; "R&R No. 1"), recommending that the motion to suppress evidence be denied.

Defendant Waldo has not filed objections to the Report and Recommendation, and the time to do so has passed.

The Court has reviewed a transcript of the hearing. After careful consideration, and in light of Defendant Waldo's failure to file objections, the Court adopts and sustains the factual findings and the thorough reasoning of the Magistrate Judge set forth in support of her R&R. As set forth more fully in R&R No. 1, the Court finds Defendant Waldo was not wearing or holding her lab coat at the time of the seizure, but rather had voluntarily laid her lab coat on a chair, and then left the room. As such, there was no seizure from her person. Accordingly, for this reason, and the reasons set forth more fully in R&R No. 1, which the Court affirms and adopts, the motion to suppress will be denied.

**B.** **<u>Motion to Strike Portions of the Superseding Indictment</u>** **(ECF No. 60)**

Defendants Vaid and Waldo filed a motion to strike certain portions of the superseding indictment, pursuant to Fed. R. Crim. P. 7(d). Specifically, Defendants seek to strike references to controlled substances and the prescribing of controlled substances. They also seek to strike as overt acts paragraph 22(a), which references the collaborative practice agreement, that was signed before the alleged start of the conspiracy; and paragraph 22(d), which Defendants allege incorporates paragraphs that do not allege any actor. The United States opposed the motion. On December 4, 2018, Magistrate Judge Baker conducted a hearing, and thereafter, on March 29, 2019, issued a Report and Recommendation (ECF No. 110; "R&R No. 2"), recommending that the

motion to strike be denied. Defendants filed Objections to the R&R, and the United States filed a Response. When a party files an objection to a magistrate judge's report and recommendation, the district judge must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). After a careful review of the parties' arguments, the Court adopts and incorporates the Magistrate Judge's R&R, and will deny the motion to strike.

As set forth more fully in R&R No. 2, a motion to strike surplusage from an indictment should be granted "only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory or prejudicial matter." *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (citations omitted). Defendants contend that multiple references to controlled substances, found in paragraph 13-17 of the superseding indictment, should be stricken, contending that they are not relevant to the charges of false billing, and are unduly prejudicial to Defendant. The Court disagrees. The indictment alleges, *inter alia*, that Dr. Vaid pre-signed prescriptions, including prescriptions for controlled substances, and falsely misrepresented on claims submitted to Medicare and Medicaid that he had actually seen the patients, when in fact, Waldo had seen the patients. These challenged paragraphs provide relevant background information regarding the regulations pertaining to the types of practitioners who can – and cannot – prescribe controlled substances, and the limitations that apply to a nurse practitioner, such as Waldo. The paragraphs pertaining

to Dr. Vaid's prior settlement agreement with the Board of Healing Arts, and the Defendants' Collaborative Practice Agreement, provide evidence of Defendants' knowledge of these requirements and limitations. As such, the allegations are relevant, and are not included simply to prejudice Defendants.

Further, the Court rejects Defendants' argument, set forth in their reply brief in support of their objections, that the government misstated the settlement document. The settlement reflects that Dr. Vaid "did not maintain a separate dispensing log as required" with respect to those individuals who "received controlled substances to him." The allegation in the indictment that Dr. Vaid "fail[ed] to keep records regarding who received controlled substances from him," in no way misstates the settlement agreement. The dispensing log was a record Dr. Vaid was required to keep regarding who received controlled substances from him, and he failed to keep this record. Thus, the Court does not find this allegation or the other allegations related to controlled substances to be inaccurate, or to be inflammatory or prejudicial.

Defendants also moved to strike paragraphs 22(a) and 22(d), contending paragraph 22(a), pertaining to the signing of the collaborative practice agreement, is outside the time frame of the conspiracy; and that by incorporating Counts 2-10, which in turn incorporates paragraphs 1-17 as and for paragraph 23, the indictment alleges as "overt act" allegations that make no reference to any potential co-conspirator. The Magistrate Judge rejected these arguments, finding the collaborative practice agreement is relevant to the conspiracy and to Defendants' knowledge, and further finding that the

5

operative paragraphs of Counts 2-10 are found in paragraph 24, which allege the actors, dates, and conduct.

Defendants made no specific objection to these findings, simply reiterating in a footnote their contention that the Government included overt acts that are outside the time of the alleged conspiracy, and that other "acts" do not reference any co-conspirator.

The Court finds Defendants' objections with respect to paragraphs 22(a) and 22(d) are not well taken. Here, the indictment alleges the conspiracy took place from "on or about April 3, 2013 through on or about February 28, 2015." As such, Defendants were placed properly on notice that the charge is not limited to that specific beginning date, but includes any dates reasonably near the date alleged. *United States v. Swafford*, 512 F.3d 833, 844 n.6 (6th Cir. 2008); *United States v. Folks*, 236 F.3d 384, 391 (7th Cir. 2001). Moreover, while signed on or about February 29, 2012, the collaborative practice agreement serves as a continuing mechanism for implementing the conspiracy. Regarding paragraph 22(d) – which incorporates Counts 2-10 – while it is true that paragraph 23 adopts paragraphs 1-17, the Court finds, consistent with the reasoning of the Magistrate Judge, that the superseding indictment is fairly read as incorporating the allegations of counts 2-10, as alleged in paragraph 24, as the additional overt acts. And the allegations contained in the narrative portion of paragraph 24 clearly identify the actors involved. For these reasons, and the reasons set forth more fully in R&R No. 2, which the Court adopts and incorporates, Defendants' motion to strike will be denied.

C.     **Defendants' Joint Motion to Dismiss Counts Two Through Ten** (ECF No. 62).

Defendants jointly moved to dismiss Counts Two through Ten of the Superseding indictment, based on the fact that paragraph 23 states that "The United States" adopts paragraphs 1-17 as and for paragraph 23, rather than stating "The Grand Jury" adopts said paragraphs.  Following a hearing and submission by the parties, Magistrate Judge Baker issued a Report and Recommendation (R&R No. 3), recommending denial of the motion, finding the language was a typographical or technical error that is a matter of form rather than substance.  Judge Baker further recommended that the language "The United States adopts" in paragraph 23, be amended to reflect, "The Grand Jury adopts." ECF No. 111.

Defendants filed an objection to the R&R, reasserting the arguments previously made, and further arguing that use of the language was not a typographical error.  The United States responded, and Defendants filed a reply.  The Court reviewed the matter *de novo*, and following such review, the Court adopts the Magistrate Judge's R&R, and will deny the motion to dismiss.

As set forth more fully in the Magistrate Judge's R&R No. 3, a grand jury returned a seven-count Indictment on April 3, 2018, charging Defendants with one count of conspiracy to present false claims to Medicare and Medicaid in violation of 18 U.S.C. § 287, and charging Defendant Vaid in Counts Two through Seven with making and presenting false claims to the United States in violation of 18 U.S.C. § 287.  Thereafter, a ten-count Superseding Indictment was returned on August 9, 2018, that re-alleged the

conspiracy charge in Count One, and charged both Vaid and Waldo in Counts Two through Ten. The Superseding Indictment begins with the language, "The Grand Jury Charges that ..." and is signed by the Grand Jury Foreperson. At the hearing, the Assistant United States Attorney (AUSA), stated he had used similar language in other indictments, and in response to the Judge's question, stated that his use of the language "The United States adopts," rather than "The Grand Jury adopts," at the beginning of Counts Two – Ten, was a typographical error. Judge Baker accepted this explanation. Recognizing that the law permits changes in indictments that are simply a matter or form or correct insignificant clerical errors, Judge Baker denied the motion to dismiss and recommended amendment of the indictment. *See United States v. Whitfield*, 695 F.2d 288, 308 (4th Cir. 2012) (citing cases); *United States v. Bush*, 659 F.2d 163, 167 (D. C. Cir. 1981).

In their objections, Defendants assert that use of this language is not a typographical error. As support, Defendants attach copies of other indictments drafted by this same AUSA in other cases that use this same language in later counts of the indictment. Regardless of whether use of the words, "[T]he United States adopts" is or is not a typographical error in the classic sense, the law is clear that "[a]n indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to the defendant." *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999). Further, as Judge Baker noted, where, as here, the defendant is not mislead, is not subjected to any added burden, and is not otherwise

prejudiced, the amendment is one of form, and not of substance, and does not require resubmission of the indictment to the grand jury. *United States v. Kegler*, 724 F.2d 190, 194-95 (D.C. Cir. 1983); *see also*, *United States v. Bell*, 500 F. App'x, 133, 136 (3d Cir. 2012) ("An amendment that is merely a matter of form is permissible when the indictment is 'sufficiently detailed that there could have been no confusion as to what the government alleged the defendants had done.'") (quoting *United States v. Nelson,* 852 F.2d 706, 715 (3d Cir. 1988)). Moreover, the Eighth Circuit has recognized that "'a finding of prejudice to the defendant must be present before an amendment is held impermissible.'" *United States v. Mason*, 869 F.2d 414, 417 (8th Cir. 1989) (quoting *United States v. Burnett*, 582 F.2d 436, 438 (8th Cir. 1976)).

Here, the superseding indictment clearly sets forth the charges, no facts related to the charges would be changed by the amendment, and Defendants do not, and cannot, claim they were confused as to what the government has alleged they have done. As their *only* claim of prejudice, Defendants assert that because of this drafting error, it is not clear whether the grand jury in fact indicted Defendants on these Counts. However, based on a review of the entire indictment, which begins with the words, "The Grand Jury charges," plainly identifies ten separate counts, and is signed by the grand jury foreperson, the Court cannot accept Defendants' contention that it is unclear whether the grand jury in fact determined to indict Defendants on Counts Two through Ten.

For these reasons, and the reasons set forth in R&R No. 3, Defendants' motion to dismiss will be denied, and the Court will order paragraph 23 of the superseding

indictment to be amended to change the words "The United States adopts," to "The Grand Jury adopts."

D.      **Defendants' Motion for Bill of Particulars** (ECF No. 68)

Defendants filed a motion for a bill of particulars, seeking disclosure of the names of the unindicted coconspirators referenced in the indictment.   The United States objected to the motion as an improper effort to obtain disclosure of its trial evidence. The Magistrate Judge issued a Report and Recommendation ("R&R No. 4"), recommending that the motion be granted and that the government identify the "others known and unknown" if the government plans to call those people as witnesses at trial. ECF No. 112.

No party filed any objection to the R&R, and the time to do so has passed.   The Court is persuaded by the reasoning of the Magistrate Judge, and adopts and incorporates the R&R.   As such, the government shall identify the unindicted co-conspirators referenced in the indictment, to the extent the government plans to call such individuals as witnesses at trial.

E.      **Defendants' Motion for Disclosure of Certain Testimony and/or Legal Instructions Provided to Two Grand Juries (ECF No. 70)**

Defendants seek disclosure of grand jury transcripts and testimony regarding allegations concerning four subject areas:   Defendant Vaid's national provider identifier (NPI); the current procedural terminology (CPT) codes; claim submission dates in Counts 2 through 10; and recordkeeping activities, and possible misrepresentations by Special

Agent Michael Grasso concerning the volume of traffic at Defendants' practice.

The Magistrate Judge rejected each of these arguments. In a report and recommendation dated April 11, 2019 ("R&R No. 5"), Judge Baker essentially found that Defendants had not shown that the superseding indictment contained material misrepresentations, and that Defendants had not shown a particularized need for the requested grand jury testimony in order to assert any motions directed to the indictment. ECF No. 117. Defendants did not specifically object to the Magistrate Judge's findings or recommendations regarding the NPI, CPT codes, or record-keeping and agent testimony. Rather, in two sentences, Defendants simply stated they believe they are entitled to the materials requested, and incorporated by reference their prior arguments.

Notwithstanding Defendants' failure to direct this Court to any specific arguments or findings related to the areas to which they object, the Court nonetheless conducted a *de novo* review of the motions. Based on the Court's *de novo* review, the Court agrees that Defendants have not shown the existence of any misstatement or misrepresentation regarding the billing procedures or the components of the CPT codes. Defendants' arguments with respect to these matters are primarily legal arguments, which the Court rejects for the reasons stated in the R&R. Further, to the extent they are legal arguments, the Court agrees with the Magistrate Judge that Defendants do not need grand jury testimony to make these arguments directed to the indictment. Nor have Defendants shown any misrepresentations in the superseding indictment regarding Dr.

Vaid's prior settlement agreement,[2] or the volume of traffic at Defendants' practice. For the reasons set forth in R&R No. 5, which the Court adopts and incorporates, the Court finds that Defendants have not shown they are entitled to review grand jury testimony and instructions in these areas.

Defendants filed specific objections with respect to the third-listed area, namely, the dates of service reflected in Counts 2 through 10, which counts allege that Defendants submitted claims for dates when Defendant Vaid was not in town. Before the Magistrate Judge, Defendants asserted that "possibly false and prejudicial information and instructions" were provided to the grand jury. Specifically, Defendants asserted that some of the counts of the superseding indictment appear to include inaccurate dates that Defendants cannot correlate to a claims chart produced by the government, some of which may reflect when the claims were submitted, rather than the date of service. As such, Defendants suggest that the witnesses may have presented inaccurate or irrelevant information to the grand jury regarding Dr. Vaid's travel away from the office on the dates in question. While not alleging any malfeasance on the party of the government, Defendants asserted they are entitled to see the grand jury materials as grounds may exist to dismiss the indictment. As support, Defendants relied on an Excel spreadsheet provided by the government, which they filed with their reply brief.[3] Defendants

---

[2] The Court discussed why the indictment does not misstate the nature of Dr. Vaid's prior settlement agreement in part B of this Order, above.

[3] As the government noted in its response to Defendants' motion (ECF No. 75), no

asserted that for four of those dates, reflected in Counts 6, 8, 9 and 10 of the superseding indictment, they cannot find where the dates match a submitted claim. Hearing Tr. (ECF No. 101), at 71-75. Defendants also asserted, without further support, that with respect to some of the dates, "the Government doesn't have any records that Dr. Vaid was traveling." *Id.* at 74.

In the R&R, the Magistrate Judge found that Defendants did not present any evidence to support the contention that the information in the superseding indictment is inaccurate. The Magistrate Judge further found that Defendants had received discovery regarding the dates when claims were filed and submitted, as well as Defendant Vaid's travel records. Therefore, it was not necessary for Defendants to receive grand jury information in order to support any motion directed to the charges.

Defendants specifically objected to the Magistrate Judge's finding, asserting that they had in fact presented evidence of the alleged misrepresentations regarding the dates of service. The government responded to the objections, asserting, in part, that Defendants had not presented any reliable evidence supporting their assertions, apart from attaching Exhibit E to their reply brief, and had neither offered evidence nor called any witnesses to support their assertions at the hearing. Defendants did not file a reply.

Based on a *de novo* review, this Court cannot say, on the record submitted by Defendants, that they have shown that any false information was presented to the grand

---

evidentiary materials were attached to Defendants' motion, which simply asserted the representations of counsel.

jury.  Defendants simply presented, in their reply brief, a chart presented by the government, and their interpretation of that single chart and supposition with respect to what was presented to the grand jury.   No evidence, whatsoever, was presented with respect to travel dates.

But even if Defendants raised the possibility that mistaken information regarding the dates of service was presented with respect to some of these counts, "[m]isstatements or mistakes alone do not justify dismissing an indictment that is facially valid."  *United States v. Johnson*, 767 F.2d 1259, 1275 (8th Cir. 1985).    Moreover, the Eighth Circuit has recognized that "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363-64 (1956)).   Nor may an indictment be challenged based on the mere fact of the unreliability of the evidence.  *United States v. Williams*, 504 U.S. 36, 54 (1990) (noting the Court has held that "'the mere fact that evidence itself is unreliable is not sufficient to require dismissal of the indictment,'" and that "'a challenge to the reliability or competence of the evidence presented to the grand jury' will not be heard") (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988)). Further, the case law recognizes that an indictment should not be dismissed "if there is some competent evidence to sustain the charge issued."  *Johnson*, 767 F.2d at 1275 (citation omitted).

14

Here, Defendants have done nothing more than raise the *possibility* that some mistaken or unreliable evidence *may* have been presented to the grand jury. This is not sufficient to permit a fishing expedition into what evidence was presented to the grand jury. *Williams*, 504 U.S. at 54. Their attempt to challenge the indictment based on disputed facts, or to use such a dispute in an attempt to obtain grand jury testimony, is insufficient. *United States v. Louper-Morris*, Criminal No. 08-063 (JRT/TSM), 2009 WL 5030771, at *7 (D. Minn. Dec. 14, 2009).

Further, as the Magistrate Judge noted, Defendants have all the discovery they need to demonstrate that there is no evidence to support the claims, but have failed to make any such showing or file any such motion. And inasmuch as Defendants presumably have the evidence necessary to support any such motion, the Court also agrees with the Magistrate Judge that Defendants have failed to make a particularized showing of need.

For these reasons, and the reasons set forth more fully in R&R No. 5, which the Court affirms and adopts, Defendants' Motion for Disclosure of Certain Testimony and/or Legal Instructions Provided to Two Grand Juries (ECF No. 70) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections are overruled, and the Reports and Recommendations of the United States Magistrate Judge are **SUSTAINED and ADOPTED.** (ECF Nos. 109, 110, 111, 112 and 117).

**IT IS FURTHER ORDERED** that paragraph 23 of the Superseding Indictment (ECF Nos. 39 and 40) is amended to substitute the words "The Grand Jury adopts" for the words "The United States adopts."

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2019.